J. Mark Meinhardt  SBN 027868
Meinhardt Law Firm
1 E Washington Street, Ste. 500
Phoenix, AZ 85004-2558
meinhardtlaw@gmail.com
602-714-7139

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Donald and Patricia McCoy

   Plaintiffs**,**

**Case No.:**

v.

U.S. Collections West, Inc.

and

Donald W. Darnell,

   Defendants.

**COMPLAINT AND JURY DEMAND**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**VENUE**

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiffs reside within the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts within this Judicial District.

## PARTIES

8. Plaintiffs Donald and Patricia McCoy is each a natural person.

9. Plaintiffs reside in the City of Phoenix, County of Maricopa, State of Arizona.

10. The Plaintiffs each is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. The Plaintiffs each is an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

12. Defendant, U.S. Collections West, Inc. is a domestic corporation.

13. Defendant U.S. Collections West, Inc. maintains an Arizona resident agent of Donald W. Darnell, 2320 W. Peoria Avenue #C116, Phoenix, Arizona 85069.

14. Defendant Donald W. Darnell is an individual at 2320 W. Peoria Avenue #C116, Phoenix, Arizona 85069.

15. Defendant Donald W. Darnell controls U.S. Collections West, Inc.

16. The Defendants are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. The principal business of the Defendants is the collection of debts using the mails and telephone.

18. The Defendants regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the

money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

19. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, (hereinafter the "Account"), namely a personal debt to Papago Park Apartments for rent and damages.

20. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21. The Account went into default with the original creditor.

22. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

23. The Plaintiff disputes the Account.

24. The Plaintiff requests that the Defendant cease all further communication on the Account.

25. The Plaintiff requests that the Defendant validate the debt pursuant to 15 U.S.C. § 1692g.

26. The Plaintiff is represented by the undersigned attorney regarding the subject debt.

27. In the year prior to the filing of the instant action, including but not limited to conversations in the January of 2014, the Defendants, acting through representatives, employees and/or agents attempted to collect the debt from Plaintiffs.

28. The purpose of these conversations was to attempt to collect the Account.

29. The conversations conveyed information regarding the Account directly or indirectly to the Plaintiff.

30. The conversations each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant engaged in conversations with the Plaintiff was to attempt to collect the Account.

32. Defendant obtained a judgment against Plaintiffs in Maricopa County Justice Courts for $ 1,362.88 and garnished Plaintiff Donald McCoy's earnings.

33. Plaintiffs contacted Defendant and advised no service of the lawsuit was effected.

34. Defendant's agent falsely advised Plaintiffs that if they contested the garnishment that the amount of the garnishment would go up to $4,288.17.

35. Defendant had no legal authority to raise the garnishment from $1,362.88 to

36. $ 4,288.17.

37. Defendant's false statements were in violation of 15 U.S.C. § 1692e.

38. "The Act [FDCPA] is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

39. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

40. The FDCPA is a remedial statute; it should be construed liberally in favor of the consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

41. The FDCPA allows the consumer to orally dispute a debt. Camacho v. Bridgeport Financial Inc., 430 F.3d 1078, 1081 (9th Cir. 2005) and Brady v. The Credit Recovery Company, Inc., 160 F.3d 64, 67 (1st Cir.1998).

42. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. Sambor v. Omnia Credit Servs., 183 F.Supp. 2d 1234, 1240 (D. Haw. 2002).

43. A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all. Mendez v. M.R.S. Assoc., 2004 WL 1745779, page 2 (N.D.Ill. August 3, 2004).

44. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Phoenix, Arizona as the place of trial.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. A judgment in favor of the Plaintiff and against the Defendant.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> /s/ J. Mark Meinhardt
>
> ATTORNEY FOR PLAINTIFF