**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald and Patricia McCoy, | No. CV-14-0048-PHX-LOA |
| Plaintiffs, | **ORDER** |
| vs. | |
| U. S. Collections West, Inc.; Donald Darnell, | |
| Defendants. | |

This action arises on Defendant Donald Darnell's ("Darnell") Motion to Dismiss Pursuant to Rule 12(b)(6) on the ground that the Complaint fails to state a claim against Darnell upon which relief may be granted. (Doc. 10)  In their Complaint, Plaintiffs Donald and Patricia McCoy ("Plaintiffs") allege violations of the Fair Debit Collection Practices Act. (Doc. 1)  Darnell contends that 1) the Complaint does not allege sufficient facts to state a plausible claim for relief against him, and 2) he has no personal liability under any legal theory for the alleged acts of a representative, employee or agent of Defendant U.S. Collections West, Inc. ("Collections West"), an Arizona corporation. Plaintiffs oppose the motion.

After considering the parties' briefings and relevant case law, the Court will grant the motion and dismiss Darnell from this action without prejudice.

**I. Background**

On January 10, 2014, Plaintiffs, through counsel, filed this action, alleging Defendants are debt collectors and violated various provisions of the Fair Debit Collection Practices Act

1  ("FDCPA") in attempting to collect debt from Plaintiffs. Specifically, the Complaint alleges
2  that, *inter alia*, Darnell "controls U.S. Collections West, Inc[;]" "the Defendants, acting
3  through representatives, employees and/or agents attempted to collect the debt from
4  Plaintiffs[;]" "Defendant's agent falsely advised Plaintiffs that if they contested the
5  garnishment that the amount of the garnishment would go up to $4,288.17[;]" and "[a]s a
6  consequence of the Defendant's collection activities and communication(s), the Plaintiff (sic)
7  seeks damages pursuant to FDCPA 1692k(a)." (Docs. 1, ¶¶ 15, 27, 34, 44) The Complaint
8  requests the Court grant judgment in favor of "the Plaintiff (sic) and against the
9  Defendant[,]" and award damages and reasonable attorney's fees and costs pursuant to 15
10 U.S.C. § 1692k(a)(3). (*Id.* at 5-6)

11  On February 11, 2014, Defendants' common counsel filed Collections West's Answer
12 and the pending dismissal motion. (Docs. 8, 10)  All parties have expressly consented in
13 writing to magistrate-judge juridiction pursuant to 28 U.S.C. § 636(c).  (Docs. 7, 11)

14  In his Motion to Dismiss, Darnell contends that the Complaint fails to identify the
15 specific representative, employee, or agent of Collections West, who allegedly spoke to one
16 or both Plaintiffs, giving rise to claims alleged herein. Darnell points out that "[n]owhere in
17 Plaintiffs' complaint are there any allegations that Defendant Donald Darnell discussed,
18 talked to or had any contact or involvement with Plaintiffs regarding the collection of the
19 debt on behalf of Defendant U.S. Collections West, Inc." (*Id.*) In other words, there is no
20 allegation that Darnell himself violated the FDCPA. According to Darnell, the only reason
21 Darnell was named personally as a defendant is because Darnell allegedly "controls U.S.
22 Collections, West, Inc." (Doc. 10 at 1) (citing paragraph 15 of the Complaint). Citing Rule
23 8(a)(2), Fed.R.Civ.P., *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v.*
24 *Iqbal*, 556 U.S. 662 (2009), Darnell argues that because the Complaint is "devoid of any
25 facts" against him individually to raise a plausible claim under federal law that Darnell is
26 liable for the misconduct alleged, it fails to state a claim for relief against Darnell personally.
27 (*Id.* at 1-2)

28  Additionally, Darnell contends that the Complaint also fails to allege sufficient facts

1  to show that Darnell could be personally liable for the allegedly wrongful acts of a
2  representative, employee or agent of Collections West under any cognizable legal theory.
3  Even assuming as true, as the Court must, that Collections West is an Arizona corporation
4  controlled by Darnell, he claims that the Complaint does not allege sufficient facts to support
5  a cognizable legal theory against him for the conduct of others employed by Collections
6  West. (*Id.* at 3) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

7  In their Response to Defendant Darnell's Motion to Dismiss, Plaintiffs initially noted
8  that "[i]f discovery shows that Darnell was not personally involved in the conversations or
9  did not personally direct his agent resulting in the alleged violations, Plaintiff (sic) agrees
10 that the suit against Darnell personally should be dismissed." (Doc. 17, ¶ 5 at 2)  Later,
11 Plaintiffs argue that "[t]aking all of the allegations of Plaintiffs' Complaint as true, Plaintiff
12 (sic) has stated plausible claims against Defendant Darnell for violation of the FDCPA." (*Id.*
13 at 4)  Specifically, Plaintiffs write that the Complaint "alleges that Defendant Darnell or his
14 agent falsely stated that if Plaintiffs contested the garnishment, that the amount of the
15 garnishment would go up to $4,288.17. . . [and] that Defendants had no legal authority to
16 raise the garnishment from $1,362.88 to $4,288.17 and that Defendants' false statements
17 were in violation of 15 U.S.C. § 1692e[.]" (*Id.*)

18 Plaintiffs' Response does not address Darnell's asserted argument that the Complaint
19 does not allege sufficient facts to support a cognizable legal theory against him for the
20 conduct of others employed by Collections West.

21 **II. Standard of Review**

22 Federal Rule of Civil Procedure 8(a)(2) requires that each claim in a pleading be
23 supported by "a short and plain statement of the claim showing that the pleader is entitled to
24 relief." Fed.R.Civ.P. 8(a). To meet this requirement, the Supreme Court has held that an
25 "entitlement to relief" requires "more than labels and conclusions . . . Factual allegations
26 must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at
27 555. A complaint or counterclaim must contain "sufficient factual matter, accepted as true,
28 to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Even where a complaint has the factual elements of a cause of action present, but is factually scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Establishing the plausibility of a complaint's allegations is a two-step process that is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014). First, a district court should "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Then, a court should "assume the[ ] veracity" of "well pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 678 (citation omitted). When considering plausibility, courts must also consider an "obvious alternative explanation" for defendant's behavior. *Id*. at 682 (quoting *Twombly*, 550 U.S. at 567).

Dismissal is also proper where a complaint does not make out a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1102 (9th Cir. 2008); *Balistreri*, 901 F.2d at 699.

In order to assist litigants to understand federal pleading requirements, Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which "illustrate the simplicity and brevity that the[] rules contemplate." *See also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). An example is Form 11 (Complaint for Negligence):

> 1. (Statement of Jurisdiction - See Form 7).
>
> 2. On date, at place, the defendant negligently drove a motor vehicle against the plaintiff.
>
> 3. As a result, the plaintiff was physically injured, lost wages or income, suffered physical and mental pain, and incurred medical expenses of $____. Therefore, the plaintiff demands judgment against the defendant for $____, plus costs.

Each claim must be stated in a separate count. *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

### III. The Fair Debt Collection Practices Act

It is well settled that FDCPA liability is limited to individuals or entities who meet the FDCPA's definition of "debt collector." *See*, *e.g.*, *Pollice v. Nat'l Tax Funding LP*, 225 F.3d 379, 403 (3d Cir. 2000) ("The FDCPA's provisions generally apply only to 'debt collectors.' . . . Creditors - as opposed to 'debt collectors' - generally are not subject to the FDCPA."); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) (finding that the liability for a debt collector should not be vicariously imposed on the assignee who was not a debt collector under the FDCPA); *Miranda v. Field Asset Services*, 2013 WL 124047, at *4 (S.D. Cal. Jan. 9, 2013); *Plumb v. Barclays Bank Delaware*, 2012 WL 2046506, at *4 (E.D. Wash. June 5, 2012) ("[E]ven vicarious liability under the FDCPA has been restricted to principals who themselves are statutory 'debt collectors.'"); *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1097 (C.D. Cal. 2006). The FDCPA defines "debt collector" as "any person who . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*. . . ." 15 U.S.C. § 1692a(6) (emphasis added). The FDCPA was designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists. *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).

### IV. Motions to Dismiss

When reviewing a motion to dismiss, a district court may "consider only allegations

- 5 -

1 contained in the pleadings, exhibits attached to the complaint, and matters properly subject
2 to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (*per curiam*).
3 "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence
4 outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion
5 for summary judgment, and it must give the nonmoving party an opportunity to respond."
6 *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (citing Fed.R.Civ.P. 12(b)).

In the Ninth Circuit and elsewhere, new issues and evidence may not be raised in reply briefs absent leave of the court. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). When new material is raised in a reply brief, a district court has the discretion to strike that material. *See, e.g, Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 (9th Cir. 1993) (striking portions of a reply brief that presented new information); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996), *cert. denied*, 522 U.S. 808 (1997); *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003) (finding district court abused its discretion to the extent it relied on new evidentiary materials presented for the first time in a summary judgment reply brief); *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F.Supp.2d 1208, 1214 (W.D. Wash. 2003) (striking a declaration with new evidence submitted in reply).

Here, Defendant Darnell's introduction of new evidence via his affidavit attached to his Reply leaves Plaintiffs without an adequate opportunity to respond. (Doc. 22-1)  Darnell has not requested leave of the Court to file an untimely affidavit or provided any reason why he could not have raised the new information contained in his affidavit at an earlier time. Thus, the Court will strike Defendant Darnell's affidavit attached to the Reply and will not consider the new evidence raised in his reply brief and affidavit in ruling on the pending motion.

**V. Discussion**

Plaintiffs have failed to state a plausible FDCPA claim for relief against Darnell as required by Rule 8(a)(2), Fed.R.Civ.P. Specific allegations regarding purported wrongdoing by Darnell are non-existent. Nowhere in the Complaint do Plaintiffs allege that Darnell

- 6 -

discussed, talked to, or even had contact with Plaintiffs regarding the collection of debt on behalf of corporate Defendant Collections West. The Complaint frequently uses the singular word "Defendant" without being specific which of the two defendants Plaintiffs are referring. The Complaint's vague allegations require the Court and Darnell to speculate whether Plaintiffs are referring to Darnell or someone else and do not raise a claim for relief against him above a speculative level. *Twombly*, 550 U.S. at 555. Candidly, the Complaint was poorly drafted. It fails to contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face" against Darnell. *Iqbal*, 556 U.S. at 678. Clearly, the Complaint does not meet the federal pleading standard required by Rule 8(a)(2), Fed.R.Civ.P., and the Supreme Court.

Based on the foregoing,

**IT IS ORDERED** that Defendant Donald Darnell's Motion to Dismiss, doc. 10, is **GRANTED**. Defendant Donald Darnell is hereby dismissed without prejudice as a named defendant in this lawsuit.

**IT IS FURTHER ORDERED** that Defendant Darnell's affidavit, doc. 22-1, attached to Darnell's Reply is hereby **STRICKEN** as an unauthorized filing.

**IT IS FURTHER ORDERED** that counsel must jointly and promptly contact the chambers of the newly-assigned magistrate judge to schedule a Rule 16 case management conference after re-assignment of this case.

Dated this 11th day of August, 2014.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge